

FILED

FEBRUARY 12, 2010
KAREN S. MITCHELL
CLERK, U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

_____

| | | |
|---|---|---|
| SAMMY ZAPATA, PRO SE, | § | |
| also known as | § | |
| SAMUEL ZAPATA, | § | |
| TDCJ-CID No. 1329614, | § | |
| Previous TDCJ-CID No. 438490, | § | |
| Previous TDCJ-CID No. 137248, | § | |
| | § | |
|    Plaintiff, | § | |
| | § | |
| v. | § | 2:08-CV-0055 |
| | § | |
| ROY EASON, | § | |
| MRS. NFN MARTINEZ, and | § | |
| NFN GRIMES, | § | |
| | § | |
|    Defendants. | § | |

## REPORT AND RECOMMENDATION

Plaintiff SAMMY ZAPATA, acting *pro se* and while a prisoner incarcerated in the Texas Department of Criminal Justice, Correctional Institutions Division, has filed suit pursuant to Title 42, United States Code, Section 1983 complaining against the above-referenced defendants and has been granted permission to proceed *in forma pauperis*.

Plaintiff complains he was "deprived . . . of [his] liberty" when defendant EASON submitted an ITP refusal to classification officials so plaintiff would have to go to school or receive disciplinary cases.  Plaintiff argues ITP, Inside Treatment Program, is a Parole Board Policy issue, not an issue in which TDCJ-CID is not involved.

Plaintiff requests $60,000.00 in compensatory damages, $20,000.00 from each defendant.

## JUDICIAL REVIEW

When a prisoner seeks redress from a governmental entity or officer or employee of a

governmental entity, the Court must evaluate the complaint and dismiss it without service of process, *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir. 1990), if it is frivolous[1], malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. 1915A; 28 U.S.C. 1915(e)(2).  The same standards will support dismissal of a suit brought under any federal law by a prisoner confined in any jail, prison, or other correctional facility, where such suit concerns prison conditions.  42 U.S.C. 1997e(c)(1).  A *Spears* hearing need not be conducted for every *pro se* complaint.  *Wilson v. Barrientos*, 926 F.2d 480, 483 n.4 (5th Cir. 1991)[2].

The Magistrate Judge has reviewed plaintiff's original complaint and has viewed the facts alleged by plaintiff to determine if his claim presents grounds for dismissal or should proceed to answer by defendants.

## THE LAW AND ANALYSIS

Plaintiff has attached a copy of his February 19, 2008 disciplinary case to his complaint. It shows he received a minor disciplinary case for refusing to attend an academic program in which he was enrolled, without a legitimate reason such as illness.  A disciplinary hearing, which plaintiff refused to attend, resulted in a finding of guilty and plaintiff received a twenty day loss of recreation and commissary privileges.  No loss of goodtime was assessed.  Inasmuch as the result of disciplinary case has no bearing on the duration of his confinement, plaintiff has no constitutionally protected liberty interest implicated by it.  *Sandin v. Conner*, 515 U.S. 472, 115

---

[1]A claim is frivolous if it lacks an arguable basis in law or in fact, *Booker v. Koonce*, 2 F.3d 114, 115 (5th Cir. 1993); *see*, *Denton v. Hernandez*, 504 U.S. 25, 112 S.Ct. 1728, 1733, 118 L.Ed.2d 340 (1992).

[2]*Cf*, *Green v. McKaskle*, 788 F.2d 1116, 1120 (5th Cir. 1986) ("Of course, our discussion of *Spears* should not be interpreted to mean that all or even most prisoner claims require or deserve a *Spears* hearing.  A district court should be able to dismiss as frivolous a significant number of prisoner suits on the complaint alone or the complaint together with the *Watson* questionnaire.").

S.Ct. 2293, 132 L.Ed.2d 418 (1995).

Plaintiff states he is not challenging any loss of goodtime credits or the disciplinary action, but is, instead, challenging the civil rights violation. Plaintiff appears to base his claim on the provisions of the Texas Gov't Code § 508.152.

Plaintiff has not explained how he thinks this statute established a federally protected constitutional right which he now seeks to vindicate. Plaintiff has not alleged his educational class was part of a "proposed program of measurable institutional progress" referenced in the statute. Nevertheless, review of the referenced statute does not reveal any indication that inmates cannot be disciplined for failing to attend an educational program in which they are enrolled, regardless of whether it is part of the "proposed program of measurable institutional progress" referenced in the statute.

In any event, even if the statute could be read to support plaintiff's apparent position that it reserves all enforcement action to the Board of Pardons and Paroles, in the wake of *Sandin v. Conner*, 515 U.S. 472, 115 S.Ct. 2293, 132 L.Ed.2d 418 (1995), plaintiff cannot vindicate that or any other "state-created" liberty interest in the statutes of the State. The failure of an officer to follow agency procedural regulations or even the relevant state law is not, without more, a constitutional violation, because the relevant constitutional minima may nevertheless have been satisfied. *See, e.g., Murray v. Mississippi Dept. of Corrections*, 911 F.2d 1167, 1168 (5th Cir. 1990); *Ramirez v. Ahn*, 843 F.2d 864, 867 (5th Cir.), *cert. denied*, 489 U.S. 1085, 109 S.Ct. 1545, 103 L.Ed.2d 849 (1989); *Baker v. McCollan*, 433 U.S. 137, 146-47, 99 S.Ct. 2689, 2695-2696, 61 L.Ed.2d 433 (1979).

In this instance, plaintiff has alleged no fact showing constitutional minima have not been

met.  Had he done so, that allegation would have formed the basis of his claim, not the State

statute he references.

In light of the above, it is clear plaintiff's claim lacks an arguable basis in law and is

frivolous.  *Neitzke v. Williams*, 490 U.S. 319, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989).

## CONCLUSION

For the reasons set forth above and pursuant to Title 28, United States Code, sections

1915A and 1915(e)(2), as well as Title 42, United States Code, section 1997e(c)(1), it is the

RECOMMENDATION of the Magistrate Judge to the United States District Judge that the Civil

Rights Complaint filed pursuant to Title 42, United States Code, Section 1983, by plaintiff

SAMMY ZAPATA be DISMISSED WITH PREJUDICE AS FRIVOLOUS.

## INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of this Report and

Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED this 12th day of February, 2010.


CLINTON E. AVERITTE
UNITED STATES MAGISTRATE JUDGE


## * NOTICE OF RIGHT TO OBJECT *

Any party may object to these proposed findings, conclusions and recommendation.  In
the event parties wish to object, they are hereby NOTIFIED that the deadline for filing
objections is fourteen (14) days from the date of filing as indicated by the "entered" date directly
above the signature line.  Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(C), or
transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(E).  **Any objections must be filed on**

**or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date.  *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(d).

Any such objections shall be made in a written pleading entitled "Objections to the Report and Recommendation."  Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties.  A party's failure to timely file written objections to the proposed findings, conclusions, and recommendation contained in this report shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge in this report and accepted by the district court.  *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).